MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178-0060
Tel.: (212) 309-6000
Fax: (212) 309-6001
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Thomas Lumpkin,<br><br>      Plaintiff,<br><br>  - against –<br><br>Bronxworks, Inc., Scott Auwarter, Eileen Torres,<br><br>      Defendants. | Civil Action No.  16-CV-05032<br><br>*ELECTRONICALLY FILED* |

**DEFENDANTS'
ANSWER AND SEPARATE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants BronxWorks, Inc. ("BronxWorks"), Scott Auwarter ("Auwarter") and Eileen Torres ("Torres") (collectively, "Defendants"), by and through their attorneys, Morgan, Lewis & Bockius LLP, hereby answer the Complaint of Plaintiff Thomas Lumpkin ("Lumpkin" or "Plaintiff") in accordance with the numbered paragraphs thereof as follows:

**PRELIMINARY STATEMENT**

1. Defendants admit that Plaintiff resigned in or around May 17, 2016 and that he purports to bring claims of race, color and age discrimination, but deny that Plaintiff's action has any merit

2. Defendants admit that Plaintiff purports to bring this matter pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634, the New York State Human Rights Law,

N.Y. Exec. Law §§ 290 to 297, and the New York City Human Rights Law, N.Y. Admin. Code §§ 8-101 to 131, but Defendants deny that Plaintiff has stated any cognizable claim that would entitle him to any relief whatsoever.

## PARTIES IN THE COMPLAINT

3. Defendant BronxWorks admits that during his employment, Plaintiff informed BronxWorks that he resided at 167-10 Crocheron Ave., Apt. 5A, Flushing, NY 11358. BronxWorks lacks information or knowledge sufficient to admit or deny whether he currently resides at the same address or is a current resident of the State of New York. Defendants Auwarter and Torres lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation in Paragraph IA of the Complaint.

4. Defendants admit that BronxWorks operates in New York State including at 60 East Tremont Avenue, Bronx, NY 10453. Defendants deny the remaining allegations in Paragraph IB of the Complaint.

5. Defendants admit that BronxWorks operates a residential facility for homeless families called Jackson Avenue Family Residence, located at 691 East 138th Street, Bronx, NY 10454. Defendants deny the remaining allegations in Paragraph IC of the Complaint.

## STATEMENT OF CLAIM

6. Defendants deny the allegations in Paragraph IIA of the Complaint.

7. Defendants deny the allegations in Paragraph IIB of the Complaint.

8. Defendants deny allegations in Paragraph IIC of the Complaint.

9. Defendants admit that during his employment, Plaintiff informed BronxWorks that he is African-American and that he was born on October 28, 1937. Defendants deny the remaining allegations in Paragraph IID of the Complaint.

10. Defendants admit that Plaintiff applied for the position of Security Director in the summer of 2015 and that Plaintiff was not awarded the position because he was less qualified than the other candidate. Defendants deny the remaining allegations in Paragraph IIE of the Complaint, including any allegations that they discriminated against Plaintiff.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Defendants admit that Plaintiff filed a charge with the Equal Employment Opportunity Commission in or around August 12, 2015. Defendants deny any remaining allegations in Paragraph IIIA of the Complaint.

12. Defendants admit that the Equal Employment Opportunity Commission issued a Right to Sue letter dated March 29, 2016. Defendants deny any remaining allegations in Paragraph IIIB of the Complaint.

13. Defendants admit the allegations in Paragraph IIIC of the Complaint.

## RELIEF

Defendants deny that Plaintiff is entitled to any type of remedy, relief, or damages in this action, including any of the relief set forth in Paragraph IV of the Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation of fact, conclusion of law, or other matter set forth in the Complaint that has not been expressly admitted herein.

## DEFENSES

Defendants assert the following defenses without conceding that they bear the burden of proof as to any of the following defenses. Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation and their continued investigation:

1. Plaintiff has failed, in whole or in part, to state a claim upon which relief can be granted.

2. Some or all of the claims are barred, in whole or in part, by applicable statutes of limitations.

3. Some or all of the claims against individual defendants Torres and Auwarter are barred because the court lacks supplemental jurisdiction over Plaintiff's state law claims.

4. Some or all of the claims against individual defendants Torres and Auwarter are barred because Plaintiff has failed to state a claim against them under federal law.

5. Some or all of Plaintiff's claims may be barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, and/or set-off.

6. Plaintiff's claims are barred to the extent he purports to seek damages that are not available under the applicable statute.

7. Plaintiff's claims are barred or diminished to the extent he has failed to mitigate or minimize his damages, the existence of which are denied.

8. Defendants acted at all times in good faith and consistently maintained, implemented, and enforced a policy in the workplace against retaliation and otherwise exercised reasonable care to prevent and correct promptly any discrimination and retaliation to which Plaintiff claims he was allegedly subjected. Plaintiff unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendants or to avoid harm otherwise.

Defendants reserve the right to amend this Answer and Separate Defenses, including their responses to the allegations of the Complaint, and to add any and all additional defenses as they become known through discovery or investigation.

WHEREFORE, Defendants respectfully submit that the claims asserted in Plaintiff's Complaint should be dismissed, with prejudice, in their entirety and that Defendants should be awarded their attorneys' fees and costs incurred in defending this action as well as such other and further relief as the Court may deem just and proper.

Dated: December 19, 2016

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: */s/ Ira G. Rosenstein*
    Ira G. Rosenstein
    101 Park Avenue
    New York, NY 10178-0060
    Phone: (212) 309-6707
    Fax: (212) 309-6001

*Attorneys for Defendants.*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2016, I caused to be served a copy of the foregoing Defendants' Answer and Separate Defenses to Plaintiff's Complaint, via U.S. mail on:

Thomas Lumpkin
167-10 Crocheron Avenue
Queens, New York 11358

*Plaintiff*

/s/ Ira G. Rosenstein
Ira G. Rosenstein